**In re GREATER MIAMI TRADING, INC.**
**d/b/a Bush & Cohen, Debtor.**

**Bankruptcy No. 94–10002–BKC–AJC.**

United States Bankruptcy Court,
S.D. Florida.

Feb. 20, 1995.

Dennis M. Campbell, Mershon Sawyer Johnson Dunwody & Cole, P.A., Miami, FL, for TransAmerica Commercial Finance Corp.

Richard F. O'Brien III, Hall and O'Brien, P.A., Miami, FL, for debtor.

Joel Tabas, Trustee, Tabas, Singerman & Freedman, P.A., Miami, FL.

Gary Freedman, Tabas, Singerman & Freedman, P.A., Miami, FL, for trustee.

Office of the U.S. Trustee, Steven R. Turner, Miami, FL.

### ORDER DENYING FINAL FEE APPLICATION FOR COUNSEL TO EXAMINER; SUSTAINING OBJECTION OF UNITED STATES TRUSTEE TO APPLICATION AND PROPOSED ORDER AUTHORIZING AND DENYING MOTION TO ACCEPT FEE APPLICATION INSTANTER AND DEFERRING RULING ON T.C.F.C.'S MOTION TO DISGORGE ATTORNEYS' FEES PAID TO HALL & O'BRIEN, P.A.

A. JAY CRISTOL, Chief Judge.

THIS CAUSE having come before the Court on December 15, 1994 on the Objection of the United States Trustee to Applications and Proposed Order Authorizing the Retention of Richard O'Brien, III, Esquire and Hall & O'Brien, P.A. and Motion for Reconsideration or Rehearing of Order Requiring Richard O'Brien, III, Esquire to File Fee Application on Transamerica Commercial Finance Corporation's Notice of Joinder and Objection of United States Trustee and on Transamerica Commercial Finance Corporation's Motion to Disgorge Attorneys' Fees paid to Hall & O'Brien, P.A. and the Joinder of Joel Tabas, as Trustee for Greater Miami Trading and Kaufman & Roberts, Inc. and the Court having heard the argument of counsel on November 15, 1994 and again on December 15, 1994 and being otherwise fully advised in the premises, the Court does hereby adjudge as follows:

A review of the course of the Chapter 11 proceedings is instructive in assessing the entitlement of Hall & O'Brien, P.A. ("Hall & O'Brien") to an award of attorney's fees. This case was filed as a Chapter 11 on January 3, 1994. On January 18, 1994, the Debtor filed an Emergency Motion under Section 363 of the Bankruptcy Code for the use of Cash Collateral to Make Payments for Expenses to the Debtor. In this Motion, the Debtor represented that it was "developing a plan whereby a new corporation will take over certain of the assets and continue to run the business". Thereafter, the Debtor filed an Emergency Joint Motion of the Debtor, Greater Miami Trading, Inc., d/b/a Bush & Cohen and AVAC of Florida, Inc. for the Assumption and Assignment of Business Lease of Real Property. Additionally, the Debtor filed an Emergency Joint Motion for the Approval of Sales of Certain Assets of Debtor, Free and Clear of Liens and Encumbrances Saving and Excepting Certain Liens and Encumbrances that the Assets Will be Taken Subject to (the "Emergency Motion"). In the Emergency Motion, the Debtor represented that the Debtor was currently unable to pay its obligations as they matured on a post petition basis and that it had no use of cash collateral other than its gross profits which were insufficient to pay its operating expenses. The Debtor further represented that without such sale, in all likelihood, the case will be converted to Chapter 7. On January 27, 1994, at the hearing on these joint motions, this court *sua sponte* converted this case to a case under Chapter 7.

The Order Converting the Case Under Chapter 11 to a Case Under Chapter 7 as of January 27, 1994; Order Granting Trustee Authority to Operate Debtor's Business for 30 Days; Order requiring Debtor to File Schedules and Statements of Financial Affairs ("Order of Conversion") specifically note that the Debtor represented to the Court that the Debtor would not be able to

reorganize, that the Debtor seeks to liquidate all payroll and tangible assets, that the Debtor had not met payroll for over two weeks, and that the Debtor had no unencumbered funds to continue operations. This Court further observed in the Order of Conversion that the "circumstances surrounding the filing of this case as a Chapter 11 are questionable and especially in light of the filing of a Chapter 7 Petition by one of the Debtor's Shareholders and a Chapter 7 Petition by another company owned by the Debtor's principal." The Order of Conversion required the Debtor to file an accounting of all receipts and distributions made within 30 days. It also required the Debtor to file the Schedules and Statement of Affairs and the reports required by F.R.B.P. 1019(1)(A) and F.R.B.P. 1007(c). Within thirty (30) days from the date of the Order of Conversion, the Debtor's counsel was also required to file an Application for Compensation for Outstanding Fees and Expenses incurred during the Chapter 11 Administration including an application justifying retention of any retainer received which has not been approved by prior award.

The Debtor filed nine separate Motions for Enlargement of Time within which to file the various reports required by the Order of Conversion. However, neither the Debtor nor Hall & O'Brien sought any extension of time within which to file an Application for Professional Fees. A Report in accordance with the Order of Conversion was not filed until August 10, 1994. An Amended Report was filed on or about November 14, 1994. The Schedules and Statement of Affairs were not filed until February 1, 1994.

### CHAPTER 11 FEES DISTINGUISHED FROM CHAPTER 7 FEES

■ There are two operative periods at issue here. Since this case converted within a matter of weeks to a Chapter 7 it is only as to the fees incurred during the Chapter 11 proceeding that are arguably recoverable. It is well settled that only under exceptional circumstances may a Chapter 7 Debtor's counsel recover fees. Those exceptional circumstances do not exist in this case. Therefore, it is only for the period ending January 27, 1994 that the fees being sought will be considered. The Report filed reflects the Debtor's counsel received a $4,000.00 retainer and that the amount of time expended in putting together the Schedules and attending to the other various matters exceeded $4,000.00. The Debtor's counsel then claimed in the Amended Report that an additional amount of $16,760.61 was paid for as a retainer and for additional costs for a total sum of $20,762.61. The Schedules on the other hand reflect a $4,000.00 "nonrefundable" fee and $16,762.61 retainer and costs paid and that the source of compensation was Jose L. Saumat. Hall & O'Brien's Affidavit of Proposed Attorney for Debtor in Possession (the "Affidavit") also fails to disclose the fact that Hall & O'Brien received a fee of $20,762.00. Paragraph 6 of the Affidavit specifically states that the law firm of Hall & O'Brien was paid a fee of $4,000.00.

■ Hall & O'Brien did not seek to be employed as counsel to the Debtor until August 10, 1994. This Court denied Hall & O'Brien's initial application based on its failure to comply with Local Rule 214(A) (doc. 309) Thereafter, Hall & O'Brien filed yet another application that had sought to retain their firm nunc pro tunc to January 3, 1994. Hall & O'Brien has demonstrated no basis for the granting of a nunc pro tunc application in this case. It waited over eight months from the inception of the case to seek retention as counsel, and offered no explanation for the failure in this regard. Surely if Hall & O'Brien had conscientiously observed the requirements of this Court's orders, it should have been alerted to the lack of an order authorizing its retention within thirty (30) days of the Order of Conversion.

■ When the United States Trustee's Objection came before the Court on October 28, 1994, Richard O'Brien and the law firm of Hall & O'Brien were once again required to file an application for the period the case was a Chapter 11 case. Hall & O'Brien did not file its fee application until November 14,

1994. It has now filed a Motion to Accept Fee Application Instanter. Thus, Hall & O'Brien seeks to have this Court accept its Fee Application in spite of its violation of two court orders directing its submission of the Application.

The Debtor's counsel's failure to file the Reports required by the Order of Conversion has delayed the administration of this case. These reports would enable the Trustee to administer all remaining assets and to close the Estate. While Hall & O'Brien repeatedly pointed to scheduling difficulties and other problems that prohibited it from complying with the terms of the Order of Conversion, it simply cannot seek compensation while failing to fulfill the requirements of the local rules of bankruptcy procedure and with this courts orders. Moreover, their actions have worked to the detriment of the creditors.

■ The general lack of quality of the legal services is evidenced by the fact that Hall & O'Brien failed to ever seek retention as counsel at the inception of the case. Even after the Order of Conversion required them to submit fee applications, it still ignored the fundamental requirement for retention as counsel, i.e. authorization by this Court. When Hall & O'Brien finally sought authorization, it failed to adhere to the requirements of the local rules. (doc. 309) Moreover, the application for retention as counsel failed to disclose the fact that Hall & O'Brien also represented the GiGi Advertising Partnership and the Emilio Sauma Trust, in connection with litigation that was initiated by Transamerica Commercial Finance Corporation against Jose Saumat, one of the shareholders of the Debtor. Based on the allegation contained in the Adversary Proceeding styled *Tabas vs. GiGi Advertising Partnership and the Emilio Trust et al.,* Adversary No. 94–0742–BKC–AJC–A and *Transamerica Commercial Finance Corporation vs. Jose and Irela Saumat* in Adversary No. 94–0423–BKC–AJC–A, both of which are pending in this Court, it appears that Hall & O'Brien was required to disclose its prior representation of the GiGi Advertising Part-

nership and the Emilio Sauma Trust in connection with its application. Its failure to make the required disclosure is in and of itself fatal to its entitlement to fees.

The time records suggest that much of the time that has been spent on the adversary proceeding involving Jose Saumat and the adversary proceedings involving the Emilio Sauma Trust have been improperly charged to this Estate. Thus, this Court finds that the sloppy legal work evidenced by their failure to disclose the representation also found its way into its time keeping activities as well.

The Debtor's counsel's Application is improperly denominated as the "Final Fee Application for Counsel to Examiner". ("Fee Application") It has not been prepared in accordance with the Guidelines for Fee Application for Professionals in the Southern District of Florida in Bankruptcy Case ("the Guidelines"). Not only does the Fee Application fail to separate the time expended in connection with the Chapter 11 proceedings from the time that has been expended in connection with the Chapter 7 proceeding, but the Fee Application also fails to specify the amount of time expended on a particular matter. Hall & O'Brien's "block billing" make the evaluation of the Fee Application difficult. Furthermore, many of the time entries are simply not descriptive. For example, Hall & O'Brien references a "post-hearing meeting" for 1.3 hours without specifying the parties who attended the meeting or the purpose of this meeting. The Certification by the designated Professional is missing as is the Summary required by the Guidelines.

Hall & O'Brien's Fee Application seeks to justify its entitlement to $250/hour by pointing to the experience and reputation and the ability of Hall & O'Brien. This Court's review of the list of counsel authorized to appear in this court, as provided in Local Rule 910(D), does not list either Andrew C. Hall or Richard C. O'Brien as attorneys authorized to practice in this court. Further, the testimony proffered by Mr. Tabas establishes

that experienced counsel in Chapter 11 cases do not necessarily command such a rate.

The time records reflect approximately 46.2 hours expended up to the time of the conversion of this case to Chapter 7. Furthermore, there were thirty-four (34) hours which are attributable to the preparation of the list of twenty largest creditors or the Schedules and Statement of Affairs. By any measure, this amount of time is excessive and unwarranted and cannot be justified under any circumstances. Moreover, when this Court compares the Application for Professional Fees filed by Tabas, Singerman & Freedman, P.A. as counsel for the Trustee, it is evident that the bulk of the work done in connection with the sale of the assets of the business was done by the Tabas, Singerman & Freedman, P.A. firm. In fact, the Tabas, Singerman & Freedman, P.A. firm expended only 75.2 attorney hours in administering the entire case during the Chapter 7 proceeding as opposed to the approximate 44 hours claimed by Hall & O'Brien in the post conversion phase of the case. No discernible benefit accrued to the estate in connection with the time expended by Hall & O'Brien during this phase of the case.

Testimony was proffered by Joel Tabas and by the United States Trustee that the standard rate for a corporate Chapter 7 filing is approximately $2,500.00. Given that the filing of this case as a Chapter 11 was questionable at best, this Court is not willing to allow compensation to Hall & O'Brien for any sum in excess of $2,500.00. However, the Hall & O'Brien firm would only be entitled to this compensation had they timely filed their application for compensation and complied with the requirements of the Bankruptcy Code Sections 327, 328 and 329 and F.R.B.P. 2016. Given Hall & O'Brien's failure to timely file the application for employment, this court believes that no fees are properly awarded to Hall & O'Brien. Accordingly, the Court does hereby: ADJUDGE that the United States Trustee's Objection is hereby sustained, that Motion for Reconsideration or Rehearing of Order Requiring Richard O'Brien, III, Esquire to File Fee Application is denied. Transamerica Commercial Finance Corporation's Notice of Joinder and Objection of United States Trustee is sustained and Transamerica Commercial Finance Corporation's Motion to Disgorge Attorneys' Fee paid to Hall & O'Brien, P.A. and the Joinder of Joel Tabas, as Trustee for Greater Miami Trading and Kaufman & Roberts, Inc. in the Motion to Disgorge shall be set for further evidentiary hearing.

DONE AND ORDERED.